IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **GERALD R. HARDY,** *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   **CIVIL ACTION 06-0687-WS-B** |
| | ) |
| **JIM WALTER HOMES, INC.,** *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on defendant Jim Walter Homes, Inc.'s Motion to Compel Arbitration and Stay Proceedings Pending Arbitration (doc. 8) and defendant Walter Mortgage Company's Motion to Dismiss (doc. 9). Both Motions have been briefed and are now ripe for disposition.

**I.     Background.**

Plaintiffs Gerald R. Hardy and Bonnie Hardy brought this action against defendants Jim Walter Homes, Inc. ("JWH") and Walter Mortgage Company ("WMC") based on certain delays, substandard building practices, and harassing conduct allegedly utilized by defendants in constructing and financing a house for plaintiffs in Theodore, Alabama. The Complaint delineates the following causes of action: (i) a declaratory judgment claim seeking a declaration that a building agreement between plaintiffs and JWH is void for failure of consideration, and that financing agreements between plaintiffs and WMC are also void for failure of consideration (Count One); (ii) a claim for fraud in the inducement, alleging that defendants misrepresented the construction commencement date and JWH's capabilities for the purpose of inducing plaintiffs to enter into building and finance agreements (Count Three); (iii) a claim for fraudulent inducement against JWH, alleging that JWH misrepresented the construction commencement date and its capabilities "for the purpose of inducing Geraldn [*sic*] Hardy into entering an arbitration agreement" (Complaint, ¶ 31) (Count Four); (iv) a claim for reckless misrepresentation

alleging that defendants recklessly misrepresented the construction commencement date and JWH's capabilities for the purpose of inducing plaintiffs to enter into building and finance agreements (Count Five); (v) a claim for negligence or wantonness against JWH, alleging various acts and omissions that plaintiffs contend caused unreasonable delay in the construction process (Count Six); (vi) a claim for trespass against JWH, alleging that JWH intentionally trespassed on plaintiffs' land to agitate, distress and intimidate them (Count Seven); and (vii) a claim for wrongful foreclosure against WMC, alleging that WMC failed to provide proper notice of default or foreclosure to plaintiffs (Count Eight).[1]

Each defendant, by and through the same counsel, has filed a motion seeking to terminate or suspend some or all of plaintiffs' claims against it. In particular, JWH seeks "an order compelling arbitration of all claims raised against it in this case by Plaintiff Gary Hardy." (Motion to Compel Arbitration, at 1.) Meanwhile, WMC requests dismissal of plaintiffs' claims against it for fraud in the inducement and reckless misrepresentation "because there is no allegation that Walter Mortgage Company made the representation which forms the basis for both claims," and also requests dismissal of the wrongful foreclosure claim "because there has been no foreclosure." (Motion to Dismiss, at 1-2.) Each Motion will be addressed in turn.

## II.     Jim Walter Homes' Motion to Compel Arbitration.

### A.     *Governing Legal Standard.*

The strong federal preference for arbitration of disputes expressed by Congress in the FAA must be enforced wherever possible. *See Musnick v. King Motor Co. of Fort Lauderdale*, 325 F.3d 1255, 1258 (11th Cir. 2003). Notwithstanding this federal policy favoring arbitration, "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *MS Dealer Service Corp. v. Franklin*, 177 F.3d 942, 947 (11th Cir. 1999) (citation omitted). A district court must undertake a two-step inquiry when considering a motion to compel arbitration. Its first task "is to determine whether the parties agreed to arbitrate that dispute," a

---

[1] The Complaint also recites as Count Two a claim for preliminary injunction. However, plaintiffs have not pursued that preliminary injunction request in the three months in which this action has been pending in this forum, and the Court surmises from their conduct that Count Two is no longer part of this dispute.

determination made by reference to the "federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626-28, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985) (citations omitted). Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. *Id.* If the court determines that the parties did agree to arbitrate the dispute in question, then the second step is to consider "whether legal constraints external to the parties' agreement foreclosed the arbitration of those claims." *Id.* at 628.

In determining whether the parties agreed to arbitrate a particular dispute, courts consider: (1) whether there is a valid agreement to arbitrate; and (2) whether the dispute in question falls within the scope of that agreement. *See Webb v. Investacorp, Inc.*, 89 F.3d 252, 258 (5th Cir. 1996); *Hudson v. Outlet Rental Car Sales, Inc.*, 876 So.2d 455, 457 (Ala. 2003). To resolve these questions, courts apply state law principles relating to ordinary contract formation and interpretation, construed through the lens of the federal policy favoring arbitration. *See Young v. Jim Walter Homes, Inc.*, 110 F. Supp.2d 1344, 1346 (M.D. Ala. 2000); *Oakwood Mobile Homes, Inc. v. Barger*, 773 So.2d 454, 459 (Ala. 2000) ("[w]hen deciding whether the parties agree to arbitrate a certain matter (including arbitrability), courts generally ... should apply ordinary state-law principles that govern the formation of contracts") (citations omitted). Under Alabama law, a valid agreement to arbitrate is created when the agreement is voluntarily entered into and is contained in a contract involving interstate commerce. *See Old Republic Ins. Co. v. Lanier*, 644 So.2d 1258, 1260 (Ala. 1994).

    *B.*    *Analysis.*

In its Motion to Compel Arbitration, JWH relies on an Arbitration Agreement executed by Gerald Hardy ("Mr. Hardy") and JWH as part of the building agreement. The Arbitration Agreement provides, in pertinent part, that "any controversy ... arising out of or relating to this Agreement, or the breach thereof, or any negotiations leading up to the making of this Agreement, or any extensions of credit or related to this Agreement, or the House that is the subject of this Agreement ... whether asserted in tort, contract or warranty, or as a federal or state statutory claim, and whether arising before, during or after performance of this Agreement, shall be settled under this Arbitration

Agreement." (Nelson Affidavit, at Exh. A.) Quite simply, JWH's position is that plaintiff Mr. Hardy's claims against it are within the scope of this valid, binding arbitration provision, such that arbitration should be compelled.

In response, plaintiffs have objected to submitting this dispute to arbitration on only two grounds. First, they argue that plaintiff Bonnie Hardy ("Ms. Hardy") was not a signatory to the Arbitration Agreement and that she therefore cannot be forced to arbitrate her claims in this action. But a fair reading of the Motion to Compel Arbitration (doc. 8) confirms that JWH's request is expressly confined to Mr. Hardy's claims, and not Ms. Hardy's claims. Indeed, the Motion requests "an order compelling arbitration of all claims raised against [JWH] in this case by Plaintiff Gary Hardy" (doc. 8, at 1) and reiterates the request at its conclusion (*id.* at 6.) Nowhere does the Motion make any mention of Ms. Hardy's claims, much less move for entry of an order compelling arbitration of those claims. As such, the issue of whether Ms. Hardy's claims are subject to arbitration is neither raised in nor relevant to disposition of JWH's pending Motion to Compel Arbitration.[2]

Second, plaintiffs assert that the validity of the arbitration provision is properly determined in this forum, rather than in arbitration, because the fraudulent inducement claim delineated as Count Four of the Complaint is directed exclusively at the arbitration provision, rather than the building agreement in

---

[2] JWH's reply brief (doc. 18) sends mixed signals as to what relief JWH actually seeks. The body of the Reply includes a newly raised argument that Ms. Hardy's claims are subject to arbitration. But arguments raised for the first time in a reply brief are ordinarily not considered. *See, e.g., Fisher v. Ciba Specialty Chemicals Corp.*, 238 F.R.D. 273, 316 n.89 (S.D. Ala. 2006) ("As a procedural matter, this argument is not properly raised because plaintiffs submitted it for the first time in their reply brief."); *Martinez v. Weyerhaeuser Mortg. Co.*, 959 F. Supp. 1511, 1515 (S.D. Fla. 1996) ("the Court finds that the movant may not raise new arguments in a reply brief"); *United States v. Feinberg*, 89 F.3d 333, 341 (7th Cir. 1996) ("The reply brief is not the appropriate vehicle for presenting new arguments or legal theories to the court."). The reason for this rule is to avoid the very situation presented in this case, wherein the non-movant never has an opportunity to be heard in response to the movant's newly raised arguments presented in a reply brief. Besides, the Reply vacillates by concluding with a request that Mr. Hardy's claims be arbitrated, again with no mention of Ms. Hardy. (Doc. 18, at 8.) Thus, for both practical and legal reasons, the Reply does not and cannot properly expand the scope of the relief sought by JWH's Motion to Compel Arbitration, and it is that Motion (rather than some other, potential, unfiled motion) on which the Court will rule at this time.

its entirety.  (Opposition Brief (doc. 15), at 3.)  In the context of fraud in the inducement, Alabama courts draw a clear, bright-line distinction between claims directed at an arbitration clause itself and claims directed at an entire contract.  More specifically, the prevailing rule in Alabama is as follows: "when a party claims fraud in the inducement relating to the validity of the arbitration clause itself ..., a court may adjudicate that claim; however, if the claim of fraud in the inducement actually bears upon the entire agreement and upon the activities of the parties in general, then an arbitrator, rather than a court, should adjudicate that claim, examining the making of the contract in its entirety."  *NationsBanc Investments, Inc. v. Paramore*, 736 So.2d 589, 591 (Ala. 1999) (quoting *Anniston Lincoln Mercury Dodge v. Conner*, 720 So.2d 898, 901 (Ala. 1998)).[3]  The critical determination is whether, irrespective of how it is characterized by counsel, plaintiff's claim of fraud "actually bears upon the entire agreement or just the arbitration clause."  *Paramore*, 736 So.2d at 591; *Hathcock*, 855 So.2d at 1067 (emphasizing that the real issue was whether "the arbitration agreement itself - as distinguished from the sale contract - was induced by fraud"); *AmSouth Inv. Services, Inc. v. Bhuta*, 757 So.2d 1120, 1123 (Ala. 2000) (question is whether "the fraud claim is directed solely at the arbitration clause itself").  In the former circumstance, the matter is properly referred to arbitration.  In the latter, it is not.  For purposes of that analysis, courts "must look beyond the *ad hoc* arguments of counsel" and focus on the true nature of the claim.  *Conner*, 720 So.2d at 901-02.

Here plaintiffs' argument begins and ends with the proposition that Count Four alleges that JWH made fraudulent representations "for the purpose of inducing Geraldn [*sic*] Hardy into entering an arbitration agreement," and that Mr. Hardy would not have executed said arbitration agreement absent that misrepresentation.  (Complaint, ¶ 31.)  But the label or characterization affixed to this claim by counsel is not dispositive; rather, as the above authorities demonstrate, the Court must undertake a

---

[3]     *See also Johnson Mobile Homes of Alabama, Inc. v. Hathcock*, 855 So.2d 1064, 1067 (Ala. 2003) (courts may decide claims of fraud in the inducement of the arbitration clause itself, but not claims of fraud in the inducement of the contract generally); *Harold Allen's Mobile Home Factory Outlet, Inc. v. Early*, 776 So.2d 777, 782 (Ala. 2000) ("[w]hen a claim of fraud in the inducement is directed toward the arbitration clause itself, the issue is adjudicated by the court, but when a claim of fraud in the inducement is directed toward the entire contract, ... the issue is subject to arbitration.").

more searching examination of whether the claim of fraud in the inducement actually bears upon the entire agreement or just the arbitration clause. As JWH correctly observes, Count Four is virtually identical to Count Three, which alleges that JWH and WMC made the same exact misrepresentations alleged in Count Four relating to the construction commencement date and JWH's capabilities. The difference is that in Count Three, plaintiffs maintained that such misrepresentations induced them to enter into the building agreement generally, while in Count Four plaintiffs maintained only that those misrepresentations induced them to enter into an arbitration agreement, which was a subset of the building agreement. The same misrepresentations and the same general conduct of the parties are alleged to give rise to fraud in the inducement with respect to both the entire building agreement and the arbitration provision. There is no allegation of any unique misrepresentation specifically aimed at the arbitration provision itself. Given plaintiffs' claim that the same fraud induced them to sign the building agreement and the arbitration agreement subsumed within that building agreement, the real dispute here concerns the contract as a whole and the parties' conduct generally. Clearly, then, notwithstanding plaintiffs' characterizations, their fraud in the inducement claims are actually directed toward the entire contract, rather than the arbitration provision in isolation. Accordingly, Alabama law requires that an arbitrator, rather than a court, adjudicate whether Mr. Hardy was fraudulently induced by JWH as alleged in the Complaint.[4] Plaintiffs' objection that Count Four renders compulsion of arbitration inappropriate is unavailing, as a matter of law.

In sum, Mr. Hardy's claims against JWH clearly fall within the scope of the arbitration agreement, and the dispute concerning alleged fraudulent inducement cannot be resolved by this Court, but must instead be decided by the arbitrator. In light of these determinations, the Motion to Compel

---

[4] Even if plaintiffs were correct that their fraudulent inducement claims related solely to the arbitration provision, rendering them eligible for resolution by a court rather than an arbitrator, it would remain incumbent on plaintiffs to provide substantial evidence of fraud in the inducement, particularly related to the arbitration clause. *Massey Automotive, Inc. v. Norris*, 895 So.2d 215, 218 (Ala. 2004); *see also Oakwood Mobile Homes, Inc. v. Carter*, 846 So.2d 1098, 1100 (Ala.Civ.App. 2002) ("A party must provide substantial evidence of fraud in the inducement, particularly related to the arbitration clause, in order to avoid arbitration.") (citation omitted). Plaintiffs have not done so.

Arbitration is **granted** and plaintiff Gerald Hardy is **ordered** to proceed to arbitration with respect to all of his claims against JWH.

### III.     Walter Mortgage Company's Motion to Dismiss.

#### *A.     Governing Legal Standard.*

On a motion to dismiss for failure to state a claim on which relief can be granted, the Court must view the complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421-22, 23 L. Ed. 2d 404, 89 S. Ct. 1843 (1969). A motion to dismiss may be granted only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957); *Bradberry v. Pinellas County*, 789 F.2d 1513, 1515 (11th Cir. 1986). The rules of pleading require only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a), Fed.R.Civ.P. Moreover, the Court must, "at this stage of the litigation, . . . accept [plaintiff's] allegations as true." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 81 L. Ed. 2d 59, 104 S. Ct. 2229 (1984); *Stephens v. HHS*, 901 F.2d 1571, 1573 (11th Cir. 1990); *cf. South Florida Water Management Dist. v. Montalvo*, 84 F.3d 402, 409 n.10 (11th Cir. 1996) (conclusory allegations and unwarranted deductions of fact are not deemed true on a motion to dismiss). The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47. A plaintiff must meet only an "exceedingly low" threshold to survive a Rule 12(b)(6) motion. *United States v. Baxter Int'l, Inc.*, 345 F.3d 866, 881 (11th Cir. 2003).

#### *B.     Analysis.*

WMC's Rule 12(b)(6) Motion contends that the claims against it for fraud in the inducement (Count Three) and reckless misrepresentation (Count Five) fail to state a claim on which relief can be granted because plaintiffs have not alleged that WMC made any misrepresentations upon which those claims are based. WMC further contends that the wrongful foreclosure claim (Count Eight) fails to

state an actionable claim because WMC never actually foreclosed on plaintiffs' property.[5]

### 1. Misrepresentation Issue.

The misrepresentation argument may be quickly dispatched.  Without question, a claim under Alabama law for fraud in the inducement or reckless misrepresentation requires a misrepresentation.  *See, e.g., Anderson v. Ashby*, 873 So.2d 168, 182 (Ala. 2003) ("Fraud in the inducement consists of one party's misrepresenting a material fact concerning the subject matter of the underlying transaction and the other party's relying on the misrepresentation to his, her, or its detriment in executing a document or taking a course of action.") (citation omitted); *Johnson v. State Farm Ins. Co.*, 587 So.2d 974, 975 (Ala. 1991) (essential elements of reckless misrepresentation are misrepresentation of material fact, made recklessly without knowledge, which was justifiably relied on by plaintiffs, and which proximately caused damage).  WMC insists that "Plaintiffs are not entitled to maintain a claim against WMC in Counts Three and Five as there is no allegation or factual basis in the Complaint to contend that WMC had any involvement in those allegations."  (Reply (doc. 17), at 4.)

On its face, however, the Complaint pleads that WMC made such misrepresentations.  Indeed, the Complaint states that "[t]he Defendants willfully and intentionally misrepresented to the Hardys that construction on their home would commence within sixty (60) days and that Jim Walter as the contractor was capable of initiating and performing said work within said time-frame."  (Complaint, ¶ 26.)[6]  The term "Defendants" necessarily encompasses both JWH and WMC, the only named defendants in this action.  For purposes of the instant Rule 12(b)(6) Motion, this allegation that both named defendants made the misrepresentations must be accepted at face value.  WMC's legal argument inexplicably omits any reference to or discussion of this key language in the Complaint.  Because plaintiff has pleaded that WMC made the requisite misrepresentations, Counts Three and Five satisfy the very low threshold of Rule 12(b)(6) scrutiny and are therefore not subject to dismissal at this

---

[5] WMC has not moved to dismiss Count One, which interposes a claim against it for a declaratory judgment that the financing agreements entered into between plaintiffs and WMC are void for failure of consideration.

[6] An analogous allegation is set forth with respect to the reckless misrepresentation cause of action.  (*See* Complaint, ¶ 34.)

time.[7]

   *2.   Wrongful Foreclosure Issue.*

WMC also challenges the wrongful foreclosure cause of action, in which plaintiffs allege that WMC scheduled a foreclosure sale for plaintiffs' property, without providing them contractually required notice. WMC maintains that because the Complaint was filed in anticipation of a foreclosure scheduled for some date in the future, and because that foreclosure sale never actually happened, this cause of action is not cognizable.

The case law supports movant's position. Under Alabama law, "[a] mortgagor has a wrongful foreclosure action whenever a mortgagee uses the power of sale given under a mortgage for a purpose other than to secure the debt owed by the mortgagor." *Reeves Cedarhurst Development Corp. v. First American Federal Sav. and Loan Ass'n*, 607 So.2d 180, 182 (Ala. 1992). Here the Complaint alleges nothing more than that WMC "scheduled a foreclosure sale" of plaintiffs' property. (Complaint, ¶ 15.) Plaintiffs have cited no Alabama authority, and the undersigned has found none, under which the mere scheduling of a foreclosure sale, without more, has been found to constitute a mortgagee's exercise of the power of sale. A plain reading of that legal standard strongly suggests that it cannot, and that the power of sale is exercised by selling, not merely by running a newspaper advertisement preparatory to selling. As such, plaintiffs' Count Eight falls short of the *Reeves* threshold. Moreover, the clear weight of authority from other jurisdictions is that wrongful foreclosure actions are not recognized unless a foreclosure actually takes place. *See*, *e.g.*, *McKinley v. Lamar Bank*, 919 So.2d 918, 930 (Miss. 2005) ("There was no wrongful foreclosure because there was never a

---

[7] The parties spend much of their briefs arguing about evidence and allegations concerning a possible agency relationship between JWH and WMC, and whether WMC may be legally responsible for representations made by JWH. Of course, it is well established under Alabama law that agency is a question of fact. *See, e.g., Wallace v. Frontier Bank, N.A.*, 903 So.2d 792, 801 (Ala. 2004). As such, any determination of whether any agency relationship exists between the two defendants would be premature at the Rule 12(b)(6) stage. For purposes of the instant Order, it is sufficient to observe that plaintiffs have expressly charged both defendants with making misrepresentations, and WMC has identified no authority that would obligate plaintiffs affirmatively to plead any agency theory that may be underlying that allegation.

foreclosure at all."); *Reese v. First Missouri Bank and Trust Co. of Creve Coeur*, 736 S.W.2d 371, 373 (Mo. 1987) (finding that only 3 of the 29 jurisdictions in the United States that allowed nonjudicial foreclosure through power of sale had recognized a cause of action for lender's attempted foreclosure that does not result in a sale). In the absence of any Alabama authority to the contrary, the Court finds the reasoning of *McKinley* and *Reese* persuasive. On that basis, plaintiffs' wrongful foreclosure claim does not state a claim upon which relief can be granted under Alabama law. WMC's Motion to Dismiss is therefore **granted** with respect to Count Eight, pursuant to Rule 12(b)(6), Fed.R.Civ.P.

### IV.   Conclusion.

For all of the foregoing reasons, it is **ordered** as follows:

1. Defendant Jim Walter Homes' Motion to Compel Arbitration and Stay Proceedings Pending Arbitration (doc. 8) is **granted**. Plaintiff Gerald Hardy and defendant Jim Walter Homes are **ordered** to proceed to arbitration in accordance with the terms of their Arbitration Agreement, with such arbitration to encompass all of Mr. Hardy's causes of action herein against Jim Walter Homes.

2. Notwithstanding the determination that Gerald Hardy's claims against JWH must be arbitrated, this Court retains jurisdiction to confirm or vacate the resulting arbitration award under 9 U.S.C. §§ 9-10. *TranSouth Financial Corp. v. Bell*, 149 F.3d 1292, 1297 (11th Cir. 1998). Accordingly, the Court will not dismiss Mr. Hardy's claims against JWH, but instead **stays** such claims pending the outcome of arbitration. Beginning in February 2007, JWH is **ordered** to file, on or before the **third Thursday of each month**, a written report reflecting the status of the arbitration proceedings.

3. This Order compelling arbitration specifically exempts Mr. Hardy's causes of action against defendant Walter Mortgage Company, as well as all of plaintiff Bonnie Hardy's claims against any defendant in this case. Those claims have not been ordered to arbitration and will proceed in this forum. In that regard, Magistrate Judge Bivins will enter forthwith a new deadline for submission of the parties' Rule 26(f) Report.

4. Defendant Walter Mortgage Company's Motion to Dismiss (doc. 9) is **granted in**

**part, and denied in part**.  The Motion is **denied** with respect to Counts Three and Five, but is **granted** as to Count Eight (wrongful foreclosure).  Count Eight of the Complaint is **dismissed** pursuant to Rule 12(b)(6), Fed.R.Civ.P.

DONE and ORDERED this 18th day of January, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE